UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 10-CR-20028 |
| ) | |
| MICHAEL ALLEN COX, ) | |
| ) | |
| Defendant. ) | |

## OPINION

This case is before the court for ruling on Defendant Michael Allen Cox's Motion to Dismiss Based on Insufficiency of the Indictment (#23), which was filed on December 6, 2010. The government filed its Response (#26) on January 7, 2011. For the following reasons, Defendant's Motion to Dismiss (#23) is DENIED.

BACKGROUND

On May 5, 2010, a five-page two-count Indictment (#8) was issued against Defendant concerning his alleged defrauding of the Bank of Rantoul. Count I of the Indictment alleged the following:

"From on or about July 10, 2008, and continuing to on or about February 12, 2009, in Champaign County, in the Central District of Illinois and elsewhere, MICHAEL ALLEN COX, defendant herein, knowingly devised and intended to devise a scheme to defraud the Bank of Rantoul and to obtain money and property under the custody and control of Bank of Rantoul, a financial institution under federal law, by means of material false and fraudulent pretenses, representations and promises, which scheme is further described below."

The Indictment then went on to describe, in detail, the manner and means in which the scheme was carried out. The Indictment notes that Defendant, operating as Chief Operating Officer (COO) of Crane & Power Industries, Inc., (CPI), attempted to obtain a loan to purchase real estate in Rantoul, that being Parkview Rentals Apartments. In July 2008 Defendant contacted the Bank of Rantoul to purchase the property and obtain a loan for the purchase. Defendant told the Bank he was COO of CPI. On July 16, 2008, Defendant and R.B., an individual Defendant introduced as the Chief Financial Officer (CFO) of CPI, met with Bank representatives at which Defendant directed R.B. to sign a real estate contract for the purchase of Parkview Rental Apartments.

The government alleges it was part of the scheme that Defendant submitted a series of false documents to qualify CPI for the loan to purchase the Parkview Rental Apartments. The government further alleges that, as part of the scheme, an escrow receipt for $250,000 remitted by CPI with United Title Escrow Services showed it was funded with a cashier's check from Wells Fargo Bank and deposited in a Far East National Bank account. Defendant advised the Bank of Rantoul the funds in escrow were proof of funding necessary to rehabilitate the purchased property, while knowing the escrow receipt was false in that United Title Escrow had no accounts in Far East National Bank and no such deposit was ever made. The government alleges that it was further part of the scheme that the cashier's check purported to be issued by Wells Fargo Bank was a false document, in that Wells Fargo Bank did not issue cashier's check number 0094511621 for $250,000 as the same check number was previously issued on February 18, 2008, for only $2,500. On or about July 25, 2008, Defendant, operating as CPI, executed a promissory note, mortgage and security agreement with the Bank of Rantoul in the amount of

$1,663,459 for the purchase of Parkview Rental Apartments, and this transaction was closed on the same date at Allied Title Services in Champaign, Illinois, with funds from the loan to CPI from the Bank of Rantoul. The government charges these actions were in violation of 18 U.S.C. § 1344.

Count II re-alleged and incorporated the much of the same information contained in Count I, and stated:

> "On or about July 16, 2008, to on or about July 28, 2008, in Champaign County, the Central District of Illinois and elsewhere, MICHAEL ALLEN COX, knowingly made a material false statement and report for the purpose of influencing the Bank of Rantoul regarding the approval of a loan to purchase real property, that being Parkview Rental Apartments, 1400 Hobson Drive in Rantoul, Illinois, by Crane & Power Industries, and the deposits of Bank of Rantoul were insured by the Federal Deposit Insurance Corporation. The false statement being an escrow receipt for $250,000.00 remitted by CPI with United Title Escrow Services showing it was funded with a cashier's check from Wells Fargo Bank and deposited in a Far Eastern National Bank account and COX advised BOR [Bank of Rantoul] the funds in escrow were proof of funding necessary to rehabilitate the property, while knowing the escrow receipt was false in that United Title Escrow had no accounts at Far East National Bank, and no such deposit was made. All in violation of Title 18, United States Code, Section 1014."

Defendant's Motion to Dismiss (#23) argues that Count I is too vague, and that it does

not clearly define what actions of Defendant violate the statute. Defendant claims that all the Indictment alleges is that he advised the Bank of Rantoul that funds in escrow were proof of necessary funding for rehabilitation of the Parkview apartments and that Defendant caused the Bank to deposit funds backed by the FDIC. All other portions of the Indictment allege that R.B. or CPI perpetrated the alleged legal violations. Additionally, Defendant claims the Indictment only alleges that Defendant is a CPI employee, and never equates the actions of CPI with those of Defendant. As for Count II, Defendant argues the government has shown no actual proof that the Bank of Rantoul is insured by the FDIC. Finally, Defendant argues that the allegations in the Indictment are so vague that, if found not guilty, Defendant may be subject to multiple prosecutions for the same offense, and thus subject him to double jeopardy.

ANALYSIS

Rule 7(c)(1) of the Federal Rules of Criminal Procedure states:

> "The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government. It need not contain a formal introduction or conclusion. A count may incorporate by reference an allegation made in another count. A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means. For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated..." Fed. R. Crim. P. 7(c)(1).

"An indictment is legally sufficient if it (1) states all the elements of the crime charged; (2) adequately informs the defendant of the nature of the charges so that he may prepare a defense; and (3) allows the defendant to plead the judgment as a bar to any future prosecutions." United States v. White, 610 F.3d 656, 658 (7th Cir. 2010). An indictment that tracks the words of a statute to state the elements of the crime is generally acceptable, and while there must be enough factual particulars so the defendant is aware of the specific conduct at issue, the presence or absence of any particular fact is not dispositive. White, 610 F.3d at 958-59.

> Bank fraud is defined in the statute as:
>
> "Whoever knowingly executes, or attempts to execute, a scheme or artifice-
>
> > (1) to defraud a financial institution; or
> >
> > (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;
>
> shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both." 18 U.S.C. § 1344.

Here, the government's Indictment of Defendant clearly tracks the language of the statute. The Indictment alleges Defendant knowingly devised and intended to devise a scheme to defraud the Bank of Rantoul and obtain money and property under the Bank's custody and control by means of false or fraudulent pretenses. The Indictment states all the elements of the crime charged. See White, 610 F.3d at 958. Next, the Indictment's statement of the offense, as

5

well as the detailed manner and means section describing the specific actions taken by Defendant, adequately inform Defendant of the nature of the crime charged so as to allow him to prepare an adequate defense. See White, 610 F.3d at 958. The Indictment alleges that Defendant: (1) represented himself as the COO of CPI to the Bank of Rantoul (2) directed R.B., in the presence of Bank officials, to sign a real estate contract for purchase of the Parkview Apartments; (3) submitted a series of false documents to qualify CPI for the loan to purchase the apartments; and (4) advised the Bank that the funds in escrow were proof of the necessary funding to rehabilitate the property, while knowing the escrow receipt was false in that United Title Escrow had no accounts at Far East National Bank and no such deposit was ever made. The Indictment also details further parts of Defendant's scheme, such as the $250,000 cashier's check from Wells Fargo Bank being a false document. The Indictment alleges that based on these fraudulent actions taken by Defendant, the Bank of Rantoul executed a promissory note, mortgage, and security agreement worth $1,663,459 with Defendant to purchase the Parkview Rentals Apartments. Further, Defendant's argument that the Indictment is so vague as to subject him to double jeopardy if a not guilty verdict is returned fails for the same reasons. The Indictment is sufficiently detailed to put Defendant on notice of the crime charged so he can prepare an adequate defense, and it is detailed enough as to the specific crimes charged so that he can plead the judgment as a bar to any future prosecutions. See White, 610 F.3d at 958.

Finally, Defendant argues the government has shown no actual proof that the Bank of Rantoul is insured by the FDIC in Count II. However, the case Defendant relies on concerns the government's failure to prove *at trial* that the bank at issue was insured by the FDIC. See United States v. Shively, 715 F.2d 260, 265 (7th Cir. 1983). The government is not required to

prove its case beyond a reasonable doubt in the indictment. Rather, the indictment states the elements of the crime charged and puts the defendant on notice of the nature of the charges so he may prepare an adequate defense. White, 610 F.3d at 959. The Indictment alleges that the Bank of Rantoul was insured by the FDIC, which states an element of the offense and informs Defendant that the government will be required to prove that element beyond a reasonable doubt at trial. Defendant's Motion to Dismiss (#23) is DENIED.

IT IS THEREFORE ORDERED:

(1) Defendant's Motion to Dismiss Based on Insufficiency of the Indictment (#23) is DENIED.

(2) This case remains scheduled for a status conference on April 15, 2011, at 9:30 am.

ENTERED this 9th day of February, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE